# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and BORGERDING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant SHELDON R. LYNCH**
**United States Army, Appellant**

ARMY 20110827

Headquarters, XVIII Airborne Corps
Frank D. Whitney, Military Judge
Colonel Stephen J. Berg, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain James P. Curtin, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Elisabeth A. Claus, JA; Major Alison L. Gregoire, JA (on brief).

28 February 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

BORGERDING, Judge:

A panel composed of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of four specifications of making a false official statement, four specifications of larceny of military property of a value greater than $500, and one specification of forgery by offering in violation of Articles 107, 121, and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 921, and 923 (2006) [hereinafter UCMJ].  The panel sentenced appellant to a bad-conduct discharge, confinement for six months, forfeiture of all pay and allowances, a fine of $5000.00, additional confinement of six months if the fine was not paid, and reduction to the grade of E-1.  The convening authority approved the adjudged sentence.

This case is before the court for review under Article 66, UCMJ.  Upon our review of the record, we find the evidence is factually insufficient to support appellant's conviction of Specification 2 of Charge III (forgery by offering).  We

have also considered those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they are without merit.

## FACTS

Appellant was a member of the United States Army Reserve.  In May 2005, while he was serving on active duty in Iraq, he received punishment under Article 15, UCMJ.  As part of this punishment, appellant was reduced from the rank of Sergeant (SGT) E-5 to the rank of Specialist (SPC) E-4.  Appellant appealed this punishment, but his appeal was denied.  Shortly thereafter, on or about 1 July 2005, appellant's unit redeployed to the United States and the soldiers were released for terminal leave on or about 8 July 2005.

In April 2007, appellant was assigned to a new reserve unit, the 77th Sustainment Brigade.  In August 2007, appellant met with the Command Sergeant Major (CSM) of the unit, CSM NL.  During their conversation, appellant informed CSM NL that he had previously received a reduction in rank, but that the reduction had been set aside.  Command Sergeant Major NL instructed appellant to produce documentation as proof.

Approximately two days later, appellant complied, showing CSM NL a Department of the Army Form [hereinafter DA Form] 4187, dated 24 July 2005, which stated:  "IAW [Army Regulation] 27-10, paragraph 3-28, and paragraph 3-38; subject soldier Article 15 is set aside by convening authority," and also that "Soldier's pay grade and rank is restored effective DOR: 20040624."  This DA Form 4187 also indicated "the request for personnel action contained herein . . . is approved" and was purportedly signed by a "MAJ [RR], Commanding."  Finally, this document also purported to have an attached copy of promotion orders and a "DA [Form] 2627-2."  Command Sergeant Major NL briefly inspected the DA Form 4187 document and told appellant to take it to the unit S-1 for processing.

There is evidence that this document was processed by someone that same day.  First, appellant's permanent file shows that both a DA Form 4187 and promotion orders (which were dated 24 June 2004) were inputted on 17 August 2007.  Second, prosecution exhibits show that appellant began receiving E-5 pay at some point after August 2007.  Finally, on subsequent orders to active duty, as well as on subsequent Non-Commissioned Officer Evaluation Reports (also prosecution exhibits), appellant's date of rank is listed as 24 June 2004, as stated in the DA Form 4187.[1]  However, there is no evidence in the record as to who actually

---

[1] A review of the prosecution exhibits reveals orders promoting appellant to E-5 dated 24 June 2004, with an effective date of 15 June 2004.

processed the DA Form 4187; when it was processed; where it was processed; or why it was processed apparently in the absence of the supporting DA Form 2627-2, which is not contained anywhere in the voluminous record of trial.[2]

In addition to the missing attachment, the record demonstrates convincingly that the DA Form 4187 appellant presented to CSM NL was falsely made. While MAJ RR was appellant's company commander during his 2005 deployment to Iraq, he was not the commander who imposed appellant's punishment under Article 15, UCMJ. Moreover, now Colonel (COL) RR testified at trial that he did not sign the DA Form 4187 and that he did not take action to, or have the authority to, set aside the punishment, and that he was not aware of any action to do so. Further, the date on the document, 24 July 2005, was after COL RR left command and after unit personnel had been released for terminal leave.

Appellant was subsequently charged, *inter alia*, with forgery by offering:

> In that [appellant] did, at or near Fort Dix, New Jersey, on or about 17 August 2007, with intent to defraud, offer a certain writing in the following words and figures, to wit: DA Form 4187, Personnel Action, dated 24 July 2005, a writing which would, if genuine, apparently operate to the legal harm of another, which said writing was, as he, the said [appellant] then well knew, falsely made and which DA Form 4187 was used to the legal harm of the United States, in that it fraudulently restored his rank to E-5.

## LAW AND ANALYSIS

Article 66(c), UCMJ, provides that a Court of Criminal Appeals "may affirm only such findings of guilty . . . as it finds correct in law and fact." In performing our duty, we must conduct a de novo review of legal and factual sufficiency. *United States v. Gilchrist*, 61 M.J. 785, 793 (Army. Ct. Crim. App. 2005) (citing *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002)). The test for factual sufficiency is "whether, after weighing the evidence of record and making allowances for not having personally observed the witnesses, [this court is] convinced of appellant's guilt beyond a reasonable doubt." *Gilchrist*, 61 M.J. at 793

---

[2] The government offered evidence that "when a commander sets aside any portion of the punishment [under Article 15, UCMJ], the commander will record the basis for this action according to notes 11 and 12, DA Form 2627; notes 9 and 10, DA Form 2627-1; or DA Form 2627-2." Army Reg. 27-10, Legal Services: Military Justice [hereinafter AR 27-10], paras. 3-28(d), 3-38 (16 Nov. 2005).

(citing *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987)).  This review for factual sufficiency "involves a fresh, impartial look at the evidence, giving no deference to the decision of the trial court on factual sufficiency beyond the admonition in Article 66(c), UCMJ, to take into account the fact that the trial court saw and heard the witnesses." *Washington*, 57 M.J. at 399.  "[T]o sustain appellant's conviction, we must find that the government has proven all essential elements and, taken together as a whole, the parcels of proof credibly and coherently demonstrate that appellant is guilty beyond a reasonable doubt." *Gilchrist*, 61 M.J. at 793 (citation omitted).

The second element of forgery by offering requires that the government prove:

> [T]he signature or writing was of a nature which would, if genuine, apparently impose a legal liability on another or change another's legal rights or liabilities to that person's prejudice.

*Manual for Courts-Martial, United States* (2008 ed.) [hereinafter *MCM*], pt. IV, ¶ 48.b(2)(b) (emphasis added).  This requirement is often called "legal efficacy," and "[h]istorically, we have interpreted this provision rather strictly." *United States v. Thomas*, 25 M.J. 396, 397-99 (C.M.A. 1988).  Under Article 123, UCMJ, a false writing alone does not constitute forgery; the writing must also have legal efficacy. *Id.*  "If under all [of] the circumstances the writing has neither real nor apparent legal efficacy, there is no forgery.  *MCM*, pt. IV, ¶ 48.c(4).  A document may therefore be the proper subject of forgery if it either independently, or as a step in a series, appears to perfect a legal right or impose a legal liability. *Thomas*, 25 M.J. at 401 (citing *United States v. Driggers*, 21 U.S.C.M.A. 373, 375, 45 C.M.R. 147, 149 (C.M.A. 1972)).  However, this "step" must still have legal significance on its own. *Id.*

There is insufficient evidence in this case for us to find beyond a reasonable doubt whether the DA Form 4187 had legal significance on its own.  Although the evidence indicates it was somehow uploaded into appellant's permanent file, and he was later restored to the grade of E-5 and received the resulting benefits and privileges, the government produced no evidence that the form *by itself, without the proper attachment* required by AR 27-10 (DA Form 2627-2), had legal efficacy.  Based on the excerpt of AR 27-10 submitted by the government as a prosecution exhibit, it appears the DA Form 2627-2 setting aside the Article 15 is the document that would apparently impose a legal liability on the United States, and not the DA Form 4187 itself.  *See* AR 27-10, paras. 3-28(d), 3-38; *MCM*, pt. IV, ¶ 48.b(2)(b).  While it may well be that a DA Form 4187 might apparently impose a legal liability on the United States, the government did not meet its burden of proof as to the legal efficacy element under these facts.  *See United States v. Jones-Marshall*, 71 M.J.

LYNCH — ARMY 20110827

534, 536 (Army Ct. Crim. App. 2012) (citing *Thomas*, 25 M.J. at 400-02) ("Additional documents in a particular case may constitute extrinsic facts relevant to the question of legal efficacy when considered in conjunction with the false document."). Accordingly, we find the evidence factually insufficient to support appellant's conviction of forgery.

**CONCLUSION**

The finding of guilty of Specification 2 of Charge III is set aside and dismissed. The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and applying the principles of *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986) and the factors set forth in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), the sentence is AFFIRMED. We note there is no "dramatic change in the sentencing landscape" and that the "remaining offenses capture the gravamen of criminal conduct included within the original offenses." *Winckelmann,* 73 M.J. at 16. Furthermore, the forgery of the DA Form 4187 was one of the means appellant used to commit the larceny specifications contained in Charge II, thus, this evidence remains admissible and relevant to the remaining offenses. *Id.* All rights, privileges, and property, of which appellant has been deprived by virtue of the finding of guilty set aside by the decision, are ordered restored.

Senior Judge LIND and Judge KRAUSS concur.

FOR THE COURT:

INGER
ANTHONY O. POTTINGER
Chief Deputy Clerk of Court

5